**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| ESCHENBACH OPTIK OF AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MATTINGLY LOW VISION, INC., <br><br> Defendant. | Civil Action No.: 3:17-cv-00307 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADE DRESS INFRINGEMENT**

Plaintiff Eschenbach Optik of America, Inc. ("Eschenbach"), for its Complaint against Defendant Mattingly Low Vision, Inc. ("Mattingly") alleges as follows:

**THE PARTIES**

1. Eschenbach is a Connecticut corporation with its principal place of business at 22 Shelter Rock Lane, Danbury, Connecticut 06810. Eschenbach has distributed and sold its MaxTV, MaxDetail, and MaxEvent glasses throughout the United States and North America since the mid-2000s.

2. On information and belief, Mattingly is a Texas corporation with its principal place of business at 135 Rio West Drive, Building B, El Paso, Texas 79932. On information and belief, Mattingly imports, manufactures, or has manufactured, distributes, and sells knock-off glasses, such as the SMARTmagTV Duo and TVSPECS telescopic spectacles, that infringe Eschenbach's registered trade dress for its MaxTV, MaxDetail, and MaxEvent glasses.

**JURISDICTION AND VENUE**

3. This is an action for trade dress infringement arising under the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. This Court has personal jurisdiction over Mattingly because, on information and belief, Mattingly is a Texas corporation and resides in Texas. Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c).

## ESCHENBACH'S TRADE DRESS RIGHTS

4. Eschenbach is the owner of MaxTV, MaxDetail, and MaxEvent glasses (collectively, the "Max Series" glasses). Eschenbach's Max Series glasses, sold since the mid-2000s, are lightweight, comfortable telescopic glasses with a unique and distinctive product configuration.

5. Eschenbach is the owner of a federal trademark registration, Reg. No. 5,038,807, issued by the United States Patent and Trademark Office on September 13, 2016, for the unique and distinctive three dimensional configuration of magnifying eyewear frames consisting of: a curved upper and lower eye lens frame on either side of the nose bridge, and the curved sides of the retractable magnifying lenses, shown below:



A true and correct copy of the certificate of Registration for this trademark is attached as **Exhibit A**.

6. Eschenbach's advertising and marketing materials have showcased the unique configuration of its Max Series glasses for more than ten years. To date, Eschenbach's Max Series glasses have grossed almost $9 million in sales. The unique configuration of the Max Series glasses has become distinctive in the minds of the relevant customers and has acquired secondary meaning at least through Eschenbach's extensive and continuous use.

7. As a result of Eschenbach's extensive advertising, sales, and marketing for more than a decade, the unique configuration of Eschenbach's Max Series glasses has become known in the relevant market as non-functional and serving primarily to identify Eschenbach as the supplier of the glasses. As such, Eschenbach has established valuable trademark rights and associated goodwill by such extensive and continuous use of the unique configuration.

## MATTINGLY'S INFRINGEMENT

8. On information and belief, Mattingly imports, manufactures, markets, sells, and offers for sale goods, such as the SMARTmagTV Duo and TVSPECS telescopic spectacles, in interstate commerce that copy and incorporate Eschenbach's trade dress, as shown below:

Eschenbach's MaxTV glasses



Mattingly's Imitation



A true and correct color copy of a web page offering Mattingly's SMARTmagTV Duo for sale is attached as **Exhibit B**.  A true and correct color copy of a web page advertising Mattingly's TVSPECS telescopic spectacles is attached as **Exhibit C**.

9. On information and belief, Mattingly's infringing glasses are of inferior quality and offered at a lower price than the price offered by Eschenbach for its superior Max Series glasses.

10. The infringing glasses distributed, offered for sale, and sold by Mattingly are not manufactured by Eschenbach, nor is Mattingly associated or connected with Eschenbach, or licensed, authorized, sponsored, endorsed, or approved by Eschenbach in any way. Mattingly's use of Eschenbach's trade dress in Mattingly's glasses is without the consent, permission, or license of Eschenbach.

11. On information and belief, Eschenbach used the unique configuration of the Max Series glasses extensively and continuously before Mattingly began using and selling confusingly similar imitations or copies, such that the unique configuration of the Max Series glasses acquired secondary meaning before Mattingly's infringement.

12. The goods sold by Mattingly are similar to and compete with Eschenbach's Max Series glasses, and these goods are sold through overlapping channels of trade.

13. Mattingly's import, manufacture, marketing, sale, and offering for sale of its infringing glasses, including the SMARTmagTV Duo and TVSPECS telescopic spectacles, creates a likelihood of confusion as to the source, affiliation, or sponsorship with Eschenbach's Max Series glasses on the part of the ordinary consumer.

14. Mattingly has been put on notice that they are violating Eschenbach's rights in trade dress. Despite this knowledge, Mattingly has refused to discontinue the use of Eschenbach's trade dress in its glasses, including the SMARTmagTV Duo and TVSPECS telescopic spectacles. On information and belief, Mattingly's infringement is knowing, willful, intentional, and malicious.

15. All of the foregoing acts of Mattingly have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury, including but not limited to loss of competitive advantage, loss of business reputation and good will, loss of sales and profits, and other damages, for which Eschenbach has no adequate remedy at law.

## COUNT I

### Trade Dress Infringement under 15 U.S.C. § 1125(a)

16. Eschenbach restates and incorporates by reference paragraphs 1-15 of its Complaint.

17. Mattingly's unauthorized use of Eschenbach's trade dress is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Mattingly with Eschenbach as to the origin, sponsorship, or approval of Mattingly's infringing glasses, all in violation of 15 U.S.C. § 1125(a).

18. Mattingly's use of Eschenbach's trade dress is causing, and will continue to cause, immediate and irreparable injury and harm to Eschenbach, including lost sales, lost market share, and price erosion, for which there is no adequate remedy at law. Accordingly, Eschenbach is entitled to injunctive relief under 15 U.S.C. § 1116.

19. Because Mattingly's actions, on information and belief, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Eschenbach's federally registered trade dress, Eschenbach is entitled to an award of treble damages under 15 U.S.C. § 1117(a).

20. On information and belief, this is an exceptional case, and thus Eschenbach is entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a).

21. Eschenbach is therefore entitled to a judgment awarding preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs, and all other relief the Court deems justly warranted due to Mattingly's infringing activities.

## JURY TRIAL DEMAND

22. Under Fed. R. Civ. P. 38, Plaintiff Eschenbach Optik of America hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eschenbach Optik of America, Inc. respectfully requests that the Court enter judgment in its favor and against Defendant as follows, including:

A.  Judgment against Mattingly in favor of Plaintiff Eschenbach Optik of America, Inc. in an amount to be determined at trial, including the remedies set forth in 15 U.S.C. § 1117 and 1118;

B.  Three times the amount of Mattingly's profits, Plaintiff Eschenbach Optik of America, Inc.'s damages, and all other monetary remedies set forth in 15 U.S.C. § 1117, based upon Mattingly's willful violations of the applicable statutes;

C.  Injunctive relief, preliminary and permanently enjoining and restraining Mattingly and its subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys, and all other persons in active concert or participation with Mattingly from using Plaintiff Eschenbach Optik of America, Inc.'s trade dress, under 15 U.S.C. § 1116;

D.  Costs and attorney's fees incurred in bringing this action under 15 U.S.C. § 1117 and other applicable law;

E.  Judgment awarding damages to Plaintiff Eschenbach Optik of America, Inc. of pre-judgment and post-judgment interest as allowed by law; and

F. Such further relief as the Court may deem just and equitable.

Dated:     October 3         , 2017            By:  s/ Cynthia C. Llamas
    Cynthia C. Llamas
    State Bar No. 24002484
    Hicks & Llamas, P.C.
    124 W. Castellano Drive, Suite100
    El Paso, TX  79912
    Telephone:  (915) 834-8400
    Fax: (915) 587-8401
    Email:  llamas@HandLlaw.com

Dated:     October 3         , 2017            By:  s/ Eric H. Chadwick
    Eric H. Chadwick (pro hac vice application pending)
    Adam E. Szymanski (pro hac vice application pending)
    Patterson Thuente Pedersen, P.A.
    4800 IDS Center
    80 South 8th Street
    Minneapolis, MN  55402-2100
    Telephone:  (612) 349-5740
    Facsimile:  (612) 349-9266
    Email:  chadwick@ptslaw.com
    Email: szymanski@ptslaw.com

**ATTORNEYS FOR PLAINTIFF
ESCHENBACH OPTIK OF AMERICA, INC.**

2237627

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 3rd day of October 2017, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).


Dated: October 3, 2017                    By: s/ Cynthia C. Llamas